IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | : | Case No. 1:10-cr-00016-TS |
|---|---|---|
| Plaintiff, | : | **MEMORANDUM DECISION AND ORDER DENYING THIRD MOTION TO CONTINUE TRIAL** |
| v. | : | |
| TRUDY GILLMAN, | : | |
| Defendant. | : | |
| | : | |

Counsel for the government and for Defendant jointly move to continue the January 3, 2011 trial because they each have other cases scheduled for January and February 2011. Counsel request an extension of three full months to March 28, 2011.

The Court finds that trial was originally set for May 17, 2010. There have already been two trial continuances in this case. The first was to allow counsel additional time to review voluminous discovery and conduct an investigation. The second continuance was to allow counsel additional time to interview witnesses. Counsel has not shown why they could not, considering due diligence, be prepared for trial now set for a month away. Nor has counsel shown a reason why other trials should take precedence over the trial in the present case. For example, the record does not contain information about which trials were scheduled first, or whether other counsel is available to try the

present case.[1]

As the Tenth Circuit has explained:

> Our decisions . . . indicate that the record, which includes the oral and written statements of both the district court and the moving party, must contain an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time. A record consisting of only short, conclusory statements lacking in detail is insufficient. . . . Simply identifying an event, and adding the conclusory statement that the event requires more time for counsel to prepare, is not enough.[2]

It is therefore

ORDERED that the Joint Motion to Continue trial is DENIED WITHOUT PREJUDICE.

DATED this 29th day of November, 2010.

BY THE COURT:

_____
The Honorable Ted Stewart
United States District Judge

---

[1] *See, e.g., United States v. Gonzales*, 137 F.3d 1431, 1434 (10th Cir. 1998) (finding trial court abused discretion in granting ends-of-justice continuance where court did not consider all necessary factors including whether "case could be tried adequately by other government counsel").

[2] *United States v. Toombs*, 574 F.3d 1262, 1271-72 (10th Cir. 2009) (footnote and citations omitted).